SWEETSIR & al. *versus* KENNEY.

Of the right of referees to decide matters of law, arising in cases submitted under a rule of the court.

EXCEPTIONS from the District Court, COLE, J.

This action was submitted by a rule of court in common form to referees. They awarded that the defendant (who had presented a set-off account,) should recover $171,81, with costs. On the plaintiff's motion the award was recommitted for the correction of mistakes, if any had been made. The second award was of the same import with the first. The plaintiffs objected to its acceptance for the following causes, which they offered to prove.

1. That the referees undertook to decide according to law, and mistook the law, and have refused to correct their mistake.

2. That the referees acted with gross partiality, prejudice and oppressiveness, at the hearing of said cause and in making their award; the plaintiffs not alleging fraud or corruption in the referees, except as may be implied in the above.

In order to sustain this position, the plaintiffs set forth, in writing, certain facts relative to the proceedings of the referees, which they offered to prove, and from which they submitted that the court would infer that the referees acted with gross partiality, prejudice and oppressiveness. The principal facts thus set forth were in substance, *that,* at the second hearing before the referees, the several charges in the plaintiffs' claim, amounting to $252,56, were admitted to be just; *that* the plaintiffs were owners of a schooner, and had let her to the defendant at the halves; *that* the plaintiffs insured $1000 upon the freight; *that* the vessel and all the freight were lost; *that* the insurance money, minus the premium, was paid to the

plaintiffs; *that* the referees adjudged the defendant to be entitled to half that amount, and allowed it to him in the award; *that*, though requested, the referees refused to make such an alternative award, as would subject their views of the law to the revision of the court.

The statement also exhibited other circumstances, which seemed to show that the referees had an unyielding confidence in the correctness of the award, or a determination that the defendants should prevail in this suit.

The court declined to hear the evidence.

The award was accepted, and the plaintiff filed exceptions.

*Barnes*, for the plaintiff.

I am aware that motions of this kind have not always met the highest favor. But the extraordinary wrong in this case compels to the last resort.

The object is to see if the submission of matters to referees is allowed to produce injustice. Verdicts, when rendered against law, are set aside, as of course. Will not the court of last resort, in like manner, vacate unjust and illegal awards?

I. The referees mistook the law applicable to the case.

This we offered to prove *aliunde*. It has not, in this State, been decided that such mistake should appear, on the face of the award. The statute of Massachusetts, on which the decisions in 6 Metc. 165, and 7 Metc. 490, were founded, are wholly unlike ours.

Upon the facts which we offered to show, it is apparent that award was grossly against law and right.

II. We offered proof of gross partiality, prejudice and oppressiveness. Such grounds have often been held sufficient for setting aside awards, notwithstanding the remarks of WHITMAN, C. J., 23 Maine, 438.

· The allegation of this cause of exception, must be presumed to mean such a *degree* of partiality as to produce an unjust decision, and such as can be shown by proof.

III. The Act of 1845 must have been designed to mitigate

the strictness of previous decisions on this point. It allows the rejection of an award, when required by *equity.*

IV. The offer which we made to prove the facts, alleged in our motion, having been rejected, those allegations, for present purposes, are to be considered as true.

*M. M. Butler,* for the defendant.

HOWARD, J., orally. — It is contended that the referees undertook to decide according to law. But that fact is not shown. They had all the powers of any court of law and of any court of equity. There is nothing by which it appears that they intended to conform to the principles of strict law, or that they may not have acted upon their view of the equity and justice of the case. Whatever we might think of the law, as to the defendant's supposed right to a share in the insurance money, it is not in our power to control the decision of that tribunal, to which the parties submitted both the law and the facts.

The charge that the referees acted with partiality, prejudice or oppressiveness, is not sustained.

*Exceptions overruled.*